

## NUMBER 13-16-00302-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF E.J.R., A CHILD

**On appeal from the 404th District Court
of Cameron County, Texas.**

## ORDER

**Before Justices Rodriguez, Benavides, and Perkes
Order Per Curiam**

This cause is before the Court on appellant N.L.C.'s second motion for extension of time to file her brief.  Appellant is the mother of E.J.R., a child.  Appellee J.J.I. is E.J.R.'s father.  This Court, having fully examined and considered appellant's motion, is of the opinion that, in the interest of justice, appellant's second motion for extension of time to file her brief should be granted with this order.

On July 15, 2016, appellant requested her first extension of time. Appellant requested that the deadline be extended to August 15, 2016.  On July 18, 2016, this

Court granted in part and denied in part the first request for extension of time, and set the deadline to file the brief for July 29, 2016.

On July 29, 2016, appellant requested her second extension of time. Appellant warranted that she did not receive notice of the Court's July 18 notice because it had been sent to an incorrect email address. She further stated that she had retained new appellate counsel on July 29, 2016. Appellant requested an extension of seventeen days, making her brief due August 15, 2016. Appellee has not filed a response to appellant's motion.

Appeals in parental termination and child protection cases are governed by the rules of appellate procedure for accelerated appeals and include additional expedited deadlines and procedures. *See* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a), *reprinted in* TEX. GOV'T CODE ANN., tit.2, subtit. F app. (West, Westlaw through 2015 R.S.). The intermediate appellate courts are directed to ensure "as far as reasonably possible" that appeals are brought to final disposition within 180 days of the date the notice of appeal is filed. TEX. R. JUD. ADMIN. 6.2(a). In accordance with the limited time for consideration of these appeals, this Court requires strict adherence to the briefing rules in appeals of parental termination cases, such as this appeal, and looks with disfavor upon the delay caused by requests for extensions of time to file the brief. *See* TEX. R. APP. P. 38.6; *see also id.* R. 28.4. Accordingly, it is the policy of this Court to limit extensions of this kind to one extension of time absent extraordinary circumstances.

In the parental-termination context, other courts have found that a substitution of counsel may warrant an extension of time for the filing of a brief. *See, e.g., In re D.H.*,

No. 14-06-00187-CV, 2007 WL 2447273, at *1 (Tex. App.—Houston [14th Dist.] Aug. 30, 2007, no pet.) (mem. op.) (granting two extensions due to substitution of counsel); *J.E. v. Tex. Dept. of Family & Protective Servs.*, No. 03-14-00164-CV, 2014 WL 2521773, at *1 (Tex. App.—Austin May 28, 2014, no pet.) (mem. op.) (granting twenty-one day extension due to substitution of counsel); *see also In re D.L.S.*, No. 02-11-00068-CV, 2011 WL 5515458, at *1 (Tex. App.—Fort Worth Nov. 10, 2011, no pet.) (mem. op.) (granting three extensions). We find that appellant's unchallenged explanation of her circumstances merits a second extension.

Appellant's second motion for extension of time to file her brief is hereby GRANTED, and appellant is hereby ORDERED to file any appellate brief with this Court on or before 5:00 p.m. on August 15, 2016. Further motions for extension of time will not be looked upon favorably by this Court, absent truly extraordinary circumstances alleged and supported by appropriate argument, authority, and any necessary evidence.

PER CURIAM

Delivered and filed the
2nd day of August, 2016.